UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARIE NATIVIDAD LAGUNAS-ANTUNEZ,
Administrator of the Estate of
Rigoberto Lagunas-Antunez,

        Plaintiff,                   CIVIL ACTION NO. 2:24-cv-416

and

Mateo Lagunas-Antunez

        Plaintiff,                   CIVIL ACTION NO. 2:24-cv-417

    v.

COREY RASHAD GOODE-HAYES,
U-HAUL INTERNATIONAL, INC., and
U-HAUL COMPANY OF ARIZONA,

        Defendants.

## CONSOLIDATION ORDER

These matters are before the court in the above-captioned cases on Defendants U-Haul International and U-Haul Company of Arizona's Motions to Consolidate, filed on October 10, 2024, under Federal Rule of Civil Procedure 42(a). 2:24-cv-416, ECF Nos. 44, 45 ("First"); 2:24-cv-417, ECF Nos. 37, 38 ("Second"). Plaintiffs filed Oppositions on October 17, 2024. First ECF No. 48; Second ECF No. 41. For the reasons below, the court **FINDS** consolidation is appropriate and **ORDERS** these cases be **CONSOLIDATED**.

I.

"District courts have broad discretion . . . to consolidate causes pending in the same district." A/S J. Ludwig Mowinckles

Rederi v. Tidewater Const. Co., 559 F.2d 928, 933 (4th Cir. 1977).

Judicial economy favors consolidation. See, e.g., Coyne & Delany

Co. v. Selman, 98 F.3d 1457, 1473 (4th Cir. 1996). Under Rule

42(a), cases may be consolidated if they involve a "common question

of law or fact." Fed. R. Civ. P. 42(a). When determining whether

consolidation is appropriate, the court must consider "whether the

specific risks of prejudice and possible confusion . . . [are]

overborne by the risk of inconsistent adjudications." Campbell v.

Bos. Sci. Corp., 882 F.3d 70, 74 (4th Cir. 2018) (citing Arnold v.

E. Airlines, Inc., 681 F.2d 186, 193 (4th Cir. 1982)). The court

must also consider "the burden on parties, witnesses, and available

judicial resources posed by multiple lawsuits, the length of time

required to conclude multiple suits" instead of one, "and the

relative expense to all concerned of the single-trial,

multiple-trial alternatives." Id.

## II.

Although Plaintiffs oppose consolidation, the court foresees

no danger of prejudice or confusion, as the cases involve similar

Plaintiffs and arise from the same factual allegations. The facts

are taken from the Amended Complaints. First ECF No. 41 at 3-5;

Second ECF No. 35 at 3-5. Plaintiffs allege they were involved in

the same collision, traveling in their vehicle with their family,

when they were struck by a U-Haul driven by Defendant Goode-Hayes.

Plaintiffs allege that both U-Haul defendants are also at fault.

2

Plaintiffs were brothers.  The first Plaintiff lost his life.  The second is permanently disabled.

The collision occurred in Virginia, and Virginia law applies.  Plaintiffs raise several issues in opposition to consolidation, namely comparative negligence, the Virginia Worker's Compensation Act, and damages.  The court briefly addresses each point in turn.

First, the comparative negligence defense does not generally exist in Virginia.  Virginia's available defense is contributory negligence.  See, e.g., Jones v. Ford Motor Co., 263 Va. 237, 261 (2002).  Nevertheless, the court sees no reason that contributory negligence would cause prejudice or confusion in this matter.  As Plaintiffs admit, "the liability issues" in this case are "quite straightforward."  First ECF No. 48 at 9; Second ECF No. 41 at 9.  A jury can thus parse any differences in liability.

Second, neither Plaintiff seeks Worker's Compensation from their employer, nor do the facts suggest that any such claim exists.  In Virginia, Workers' Compensation applies only to injuries that "arise[] 'out of' the employment" and contain "a causal connection between the conditions under which the work is required to be performed and the resulting injury," which is "apparent to the rational mind upon consideration of all the circumstances."  Combs v. Virginia Elec. & Power Co., 259 Va. 503, 509 (2000).  Although Plaintiffs provide a conclusory statement that they acted within the scope of their employment, they do not

3

seek Workers' Compensation, and the facts do not show that Plaintiffs were traveling in a work capacity.

Third, "the existence of slight differences in . . . parties, or damages among the suits does not necessarily defeat consolidation where the essential claims and factual allegations are similar." In re MicroStrategy Inc. Sec. Litig., 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) (Ellis, J.) (securities case). Juries routinely consider cases with multiple parties or multiple sets of damages. Any concerns regarding the jury's ability to parse damages can be mitigated with instructions.

Finally, the parties do not contest that consolidation will increase judicial efficiency, reduce costs and time spent on litigation, and prevent risk of inconsistent rulings.

III.

For these reasons, consolidation is appropriate under Federal Rule of Civil Procedure 42(a). Accordingly, the court **FINDS** that consolidation is appropriate and **ORDERS** that these cases be **CONSOLIDATED.** The Clerk is **DIRECTED** to send a copy of this Consolidation Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

November 20 , 2024

4